1

**Pierce Bainbridge Beck Price & Hecht LLP**
Carolynn Kyungwon Beck (SBN 264703)

2

Daniel Dubin (SBN 313235)

3

600 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-3212

4

(213) 262-9333

5

*Attorneys for Plaintiffs*

6

THE UNITED STATES DISTRICT COURT

7

FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

**Anita Redd,** on behalf of her

Case No.2:18-cv-10441

9

minor son, **Russell Horning**,
also known as Backpack Kid;

**Complaint for:**

10

and **RH Performer, LLC**, a

1. **Direct Infringement of**

11

Georgia limited liability
company,

   **Copyright;**

2. **Contributory**

12

   **Infringement of**

13

Plaintiffs,

   **Copyright;**

3. **Violation of the Right of**

14

v.

   **Publicity under**

15

   **California Common Law;**

16

**Take-Two Interactive**
**Software, Inc.**, a Delaware

4. **Violation of the Right of**
   **Publicity under Cal. Civ.**

17

corporation; **2K Sports, Inc.**, a
Delaware corporation; **2K**

   **Code § 3344;**

5. **Unfair Competition under**

18

**Games, Inc.**, a Delaware

   **Cal. Bus. & Prof. Code §**

19

corporation; **Visual Concepts**
**Entertainment**, a California

   **17200, et seq.;**

6. **False Designation of**

20

Corporation; and **Does 1**

   **Origin under 15 U.S.C. §**

21

**through 50**, inclusive,

   **1125(a);**

7. **Trademark Infringement**

22

Defendants.

   **under California Common**

23

   **Law**

8. **Trademark Infringement**

24

   **under 15 U.S.C. § 1125(a);**

25

9. **Trademark Dilution**
   **under 15 U.S.C. § 1125(c)**

26

**Demand for Jury Trial**

27

28

**Complaint**

Plaintiffs Anita Redd, on behalf of her minor son, Russell Horning, also known as Backpack Kid ("Backpack Kid"), and RH Performer, LLC (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, assert the following claims against Defendants Take-Two Interactive Software, Inc. ("Take-Two"), 2K Sports, Inc. ("2K Sports"), 2K Games, Inc. ("2K Games"), Visual Concepts Entertainment ("Visual Concepts"), and Does 1 through 50 (collectively referred to as "Defendants"), and alleges as follows:

## I.  OVERVIEW

1.      Through their unauthorized misappropriation of Backpack Kid's highly popular signature dance, the "Floss," in their video games, NBA 2K18 ("2K18") and NBA 2K19 ("2K19"), Defendants have unfairly profited from exploiting Backpack Kid's protected creative expression, likeness, and Plaintiffs' trademark without consent or authorization.

2.      Backpack Kid is a professional performer, who created the Floss dance in 2016, which exploded in popularity following his performance of the dance on Saturday Night Live on May 20, 2017, alongside Katy Perry.  The Floss is now inextricably linked to Backpack Kid and has continued to be a part of his celebrity persona.

3.      Defendants capitalized on Backpack Kid's celebrity and the Floss's popularity, particularly with its younger fans, by selling the Floss as an in-game dance (called emote) in 2K18 under the name "Backpack."  In 2K18's MyCareer Lab players can unlock and then purchase the Backpack emote (described as a "Signature Animation") to customize their 2K MyCareer avatars.  Defendants also include at least one Backpack emote in 2K19.  Defendants did not credit Backpack Kid nor seek Plaintiffs' consent to use, display, reproduce, sell, or create a derivative work based upon Backpack Kid's Floss dance or likeness in

2K18 or 2K19.  Defendants also did not seek Plaintiffs' consent to use the term Backpack as the name for the emotes.

4.     Defendants' NBA 2K franchise is the most popular sports video game franchise in the world.  Indeed, 2K18 was the highest selling sports game of 2017 and the second highest-selling game overall.  In addition to profits obtained from selling 2K18 – the game retails for $59.99 at release for the base edition and $79.99 for the Michael Jordan special edition – Defendants also profit from in-game purchases within 2K18.  Defendants should not be able to profit from Backpack Kid's fame, hard work, and creativity by its intentional misappropriation of Plaintiffs' original content, likeness, name, and trademark.  Plaintiffs seek injunctive relief and damages, including, but not limited to, Defendants' profits attributed to its improper use of Backpack Kid's Floss dance, the Backpack title, and Backpack Kid's likeness.

## II.  THE PARTIES

1.     Russell Horning resides in Lawrenceville, Georgia.  He is better known as the performer, Backpack Kid.

2.     Anita Redd, who brings this lawsuit on behalf of Backpack Kid, is Backpack Kid's mother.  Redd also resides in Lawrenceville, Georgia

3.     RH Performer, LLC is a Georgia limited liability company with its principal place of business at 745 Dean Way, Lawrenceville, GA 30044.  RH Performer, LLC submitted applications for copyright registrations for the Floss dance.

4.     Take-Two Interactive Software, Inc. is a Delaware corporation with its principal place of business at 110 West 44th Street, New York, NY 10036.

1    5.    2K Sports, Inc. is a Delaware corporation with its principal
2  place of business at 10 Hamilton Landing, Novato, CA 94949.  2K Sports
3  is a subsidiary corporation of Take-Two.

4    6.    2K Games, Inc. is a Delaware corporation with its principal
5  place of business at 10 Hamilton Landing, Novato, CA 94949.   2K
6  Games is a subsidiary corporation of Take-Two.

7    7.    Visual Concepts Entertainment is a California corporation
8  with its principal place of business at 10 Hamilton Landing, Novato, CA
9  94949.  Visual Concepts is a subsidiary corporation of 2K Games.
10  Alongside 2K Games, Visual Concepts is the creator and developer of
11  the NBA 2K franchise, which was first released in 1999.

12    8.    The true names and identities of the defendants herein sued
13  as Does 1 through 50, inclusive, are unknown to Plaintiffs, who
14  therefore sue those defendants by such fictitious names.  When the true
15  names of those defendants have been ascertained, Plaintiffs will amend
16  this complaint accordingly.  Each of the defendants aided and abetted
17  and is responsible in some manner for the occurrences herein alleged,
18  and Plaintiffs' injuries were proximately caused thereby.

19    9.    At all times herein mentioned, each of the defendants was
20  acting as an agent, servant, employee or representative of defendants,
21  and, in doing the things alleged in this Complaint, was acting within
22  the course and scope of that agency, service, employment, or joint
23  venture.

## III. SUBJECT MATTER JURISDICTION AND VENUE

26    10.    The Court has subject matter jurisdiction over this action
27  pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332
28  (diversity), and 28 U.S.C. § 1367 (supplemental jurisdiction).

11.    Venue is proper in this District under A) 28 U.S.C. § 1391(b)(2) (federal question jurisdiction), because a substantial part of the events or omissions giving rise to the claim occurred in this District; and B) 28 U.S.C. §§ 1391(b)(1) and (c) (personal jurisdiction), because all defendants are subject to personal jurisdiction in this State and at least one in this District.

## IV. FACTUAL BACKGROUND

### A.    Backpack Kid and the Creation of the Floss

12.    Raised in the city of Lawrenceville, Georgia, Backpack Kid began gaining popularity in 2016 for posting videos of himself dancing on Instagram.  Backpack Kid exploded in popularity after the world-famous singer, Rihanna, posted one of his videos; Backpack Kid gained 55,000 followers on Instagram in two days after the Rihanna post.

13.    After obtaining widespread notoriety, Backpack Kid continued to post videos of himself dancing on Instagram.  As part of his dances, Backpack Kid included his signature move that he originally called "The Russell."  Indeed, most of Backpack Kid's videos included Backpack Kid performing The Russell either by himself or with others.

14.    Backpack Kid's popularity further increased after his May 20, 2017 Saturday Night Live performance with Katy Perry where he performed his signature dance.  Katy Perry has stated that she invited Backpack Kid to perform with her after discovering Backpack Kid's popular Instagram page.  The public began referring to Backpack Kid by his moniker after the Saturday Night Live performance because he performed the dance while wearing a backpack.

15.    Backpack Kid also performed his signature dance in Katy Perry's 2017 "Swish Swish" music video, which was posted to YouTube

1   on August 24, 2017.[1]  At the time of this filing, the Swish Swish music
2   video has over 508 million views on YouTube.

3         16.   Since its creation in 2016 and its rise to fame soon after,
4   Backpack Kid's dance maintained its popularity.  Videos of the dance,
5   now known as the "Floss" or "Flossing," gained widespread attention
6   and notoriety, particularly on social media.  Hundreds of thousands of
7   fans, including celebrities and athletes, have posted videos of
8   themselves Flossing on social media.  Since the Floss's creation,
9   Backpack Kid has used and continues to successfully use the Floss
10  commercially.

11        17.   The Floss has become synonymous with Backpack Kid, who
12  is unanimously credited with creating the dance.  Backpack Kid is
13  constantly inundated with requests to perform the Floss; he has
14  performed it on numerous occasions at the behest of both the public and
15  celebrities, including at schools, companies, and other locations around
16  the world.  Accordingly, the Floss is a part of Backpack Kid's celebrity
17  identity and the dance's unique movements readily evoke a connection
18  to Backpack Kid.  Plaintiffs also have copyrights in the Floss dance and
19  trademark rights in the "Floss" and "Backpack Kid."

20  **B.   The NBA 2K Franchise and the Rise of**
21  **Microtransactions**

22        18.   The NBA 2K franchise is an annual series of basketball
23  video games modeled after the National Basketball Association
24  ("NBA").  The NBA 2K series consists of 18 annual installments and
25  four spinoff games.  Visual Concepts has been the developer of each of
26  the games since inception; Sega Games Company, Limited was the

27

28  [1] The video can be found at https://www.youtube.com/watch?v=iGk5fR-t5AU.

1    publisher of the first six games before selling Visual Concepts to Take-
2    Two, who later created the 2K Sports and 2K Games subsidiaries.
3    Take-Two, 2K Sports, 2K Games and Visual Concepts have been the
4    creators and publishers of the franchise since NBA 2K6, released in
5    2005.

6        19.    Although significantly more complex now, the original "NBA
7    2K" video game was comparatively simple.   The game, released on
8    November 10, 1999 for the Dreamcast console, features teams from the
9    1999-2000 NBA season.   Players can play as any of those teams, or
10   players from those teams, in head-to-head matchups against another
11   player or a computer program.   Players can also create their own
12   players and teams.  The game did not have online capability, nor did it
13   offer in-game purchases.

14       20.    The two subsequent video games, "NBA 2K1" and "NBA
15   2K2," were largely similar to the first iteration.  The fourth installment,
16   ESPN NBA Basketball – the only game in the series not to feature "2K"
17   in the title – was the first game to introduce a career mode where
18   players can create their own character and play as that character in
19   various game modes.  The game was also the first in the series to feature
20   online game modes.

21       21.    NBA 2K10, released in October 2009, advanced the series'
22   career mode feature.   Then called MyPlayer, the career mode feature
23   allowed players to create a personalized character by customizing the
24   character's physical and personal traits, including, position, play style,
25   jersey number, name, age, body type, hair, facial features, and tattoos.
26   The feature also allows users to "spend" skill points earned during
27   MyPlayer games to further improve the character's skills.

28

22.   NBA 2K14, released in October 2013, was the first installment to introduce microtransactions to the MyPlayer mode, which was renamed MyCareer.  In addition to earning currency through gameplay, the game began allowing players to purchase "Virtual Currency" or "VC" with real money.   For example, in NBA 2K18, Defendants offered five pricing levels for purchasing Virtual Currency:

        1) 15,000 VC for $4.99;

        2) 35,000 VC for $9.99;

        3) 75,000 VC for $19.99;

        4) 200,000 VC for $49.99; or

        5) 450,000 VC for $99.99.

23.   VC can be spent on MyCareer attributes, uniforms, apparel, signature movements and dances.

24.   Although controversial, as purchasers already spent the retail cost of around $60 to purchase 2K games, the in-game microtransactions became a lucrative source of additional revenue for Defendants.   As a result, Defendants began offering more options through microtransactions in subsequent installments, including dances.  The more complicated the dance, the more it costs to purchase.

25.   In NBA 2K16, released on September 29, 2015, Defendants copied the dances and movements of numerous performers, including, among others, Alfonso Ribeiro's famous danced performed on *The Fresh Prince of Bel-Air* television show (named "So Fresh" in game), the "Whip" dance created by the Atlanta hip hop group, "We Are Toonz," in 2013 (also named "Whip" in game), the "Cat Daddy" dance created by the hip hop group, "The Rej3ctz," in 2010 (named "Cat Daddy" and "Rollin" in game), the "Thriller Dance" created by Michael Jackson in his "Thriller" music video in 1982 (named "Spiller" in game), the "Soulja

Boy" dance created by the hip hop artist, "Soulja Boy," in 2007 (named "Soul Jah Boi" in game), the "Nae Nae" dance created by "We Are Toonz," in 2013 (also named "Nae Nae" in game), and the "Schmoney Dance" created by the hip hop artist, Bobby Shmurda, in 2014 (named "Dip" in game).

26.    Upon information and belief, although Defendants presumably obtained licenses from athletes to use their likenesses and voices, Defendants did not seek consent or authorization from these artists to use any of these movements or dances.  Defendants also did not obtain consent to use the names of the dances that these artists created.

27.    Moreover, Defendants also misappropriated other popular dances, including Backpack Kid's Floss dance, in NBA 2K17, NBA 2K18 and NBA 2K19. Upon information and belief, Defendants did not seek consent or authorization to use any of these movements of dances.

28.    Dances, or emotes, are incredibly popular and provide significant additional revenue to the NBA 2K franchise.  Indeed, in 2K14, when Defendants first introduced VC, user spending increased by about 150% compared to NBA 2K13 with spending on Virtual Currency making up 92% of the increase.  Using Virtual Currency, players purchase dances, alongside clothing, to personalize their gaming experience.  Moreover, players routinely purchase Virtual Currency to avoid the tedious process of earning Virtual Currency through gameplay.  Indeed, in NBA 2K18, players are given only 6,000 VC to start, and players earn less than 500 VC for each game played on MyCareer.  As dances routinely cost over 1,000 VC, Defendants intentionally offer considerably low amounts of VC through gameplay in order to incentivize players to purchase VC instead.

29.     Upon information and belief, Defendants will likely continue adding popular dances/emotes to the 2K games without the artists' or creators' consent or approval to attract more players and add to its ever-growing revenue.

**C.     Unauthorized Use of the Floss in NBA 2K18 and NBA 2K19**

30.     On September 19, 2017, Defendants released NBA 2K18 on the Microsoft Windows, iOS, Android, PlayStation 4, PlayStation 3, Xbox One and Xbox 360 platforms.  Defendants priced the game at $59.99.  As part of the game, in the MyCareer mode, Defendants added several new emotes.  Among these new emotes, Defendants added the "Backpack."  To obtain this dance, players must spend 2,250 VC.

31.     Moreover, on September 7, 2018, Defendants released NBA 2K19 for all platforms, which also offered the Backpack.

32.     As the names indicates, the Backpack emote copies the Backpack Kid's Floss dance.  If purchased, the 2K MyCareer avatar can perform the dance during gameplay.  Despite using the dance's name, and consequently his name, Defendants did not seek to obtain Plaintiffs' authorization or consent.  Moreover, Plaintiffs did not give Defendants express or implied consent for its use of Backpack Kid's likeness, his name, or the Floss dance.   Defendants also did not compensate Plaintiffs.

33.     Upon information and belief, Defendants added the Backpack to intentionally exploit the popularity of Backpack Kid and the Floss dance without providing Plaintiffs any form of compensation.

34.     Defendants profited from their improper misappropriation of the Backpack Kid name and Floss dance and Backpack Kid's likeness by, *inter alia*:   1) selling the infringing Backpack emote directly to

players; 2) selling NBA 2K18 and NBA 2K19 that contain the Backpack emote; 3) advertising the Backpack emote to attract additional players, including Backpack Kid's fans or those persons familiar with the Floss to play NBA 2K18 and NBA 2K19 and make in-game purchases; 4) keeping the franchise relevant to its players to incentivize those players to continue purchasing the 2K games; 5) impliedly representing that Plaintiffs consented to Defendants' use of his likeness; 6) erroneously causing the association of NBA 2K18 and NBA 2K19 with Backpack Kid and the Floss; 7) creating the false impression that Plaintiffs endorsed NBA 2K18 and NBA 2K19; and 8) inducing and/or contributing to NBA 2K18 and NBA 2K19 players' characters performing the Floss dance.

35.   Upon information and belief, Defendants actively and knowingly directed, caused, induced, and encouraged others, including, but not limited to, their players, designers, suppliers, distributors, resellers, software developers, and repair providers, to misappropriate Backpack Kid's likeness, name, and Floss dance.

36.   By adding microtransactions to their popular 2K franchise, Defendants have substantially increased their profits by unlawfully and unfairly misappropriating Backpack Kid's and other artists' creative expression, likenesses, and trademarks without crediting or compensating these artists.  Plaintiffs thus bring this lawsuit to prevent Defendants from further using Backpack Kid's likeness and the Backpack Kid name and Floss dance, and to recover the profits rightfully owed to them.

1    **FIRST CAUSE OF ACTION**

2    **(For Direct Infringement of Copyright Against All Defendants)**

3        37.   Plaintiffs hereby repeat and reallege the allegations set

4    forth in paragraphs 1 through 23, above, as though fully set forth

5    herein.

6        38.   On May 20, 2017, after previously obtaining widespread

7    notoriety for his Instagram dance videos, Backpack Kid and his Floss

8    dance exploded in popularity after he performed the Floss on Saturday

9    Night Live with Katy Perry.  Backpack Kid also performed The Floss in

10   Katy Perry's 2017 "Swish Swish" music video, which was posted to

11   YouTube.

12       39.   Backpack Kid is the undisputed creator of the wildly popular

13   and immediately recognizable Floss Dance.  Backpack Kid's 2016

14   Instagram videos depicting R.H performing the Floss are the original

15   depictions of the Floss or Flossing.

16       40.   Plaintiffs are in the process of registering the Floss with the

17   United States Copyright Office.  On July 30, 2018 and October 22, 2018,

18   Plaintiffs submitted applications for copyright registrations, which

19   were assigned Copyright Office case numbers 1-6803798591 and 1-

20   7053827951, respectively.

21       41.   In NBA 2K18 and NBA 2K19, players can have their

22   characters perform Backpack Kid's dance within the game.  In fact, the

23   in-game dance is also named Backpack.  Defendants have infringed and

24   continue to infringe Plaintiffs' copyrights in the Floss by offering the

25   Backpack dance emote that, if purchased, a player can use to make his

26   or her avatar perform during 2K gameplay; substantially copying the

27   Floss in digital form to the 2K games; advertising the Floss under the

28

name Backpack in its promotional materials; and creating the Backpack emote as a derivative work of the Floss.

42.   Defendants did not seek to obtain Plaintiffs' permission for its use of the Floss for the Floss emote.   Nor have Defendants compensated or credited Backpack Kid for their use of the Floss.

43.   Moreover, Defendants actively and knowingly directed, caused, induced, and encouraged others, including, but not limited to, its players, designers, suppliers, distributors, resellers, software developers, and repair providers, to misappropriate Backpack Kid's likeness and the Floss.

44.   Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

45.   Defendants' willful and continued unauthorized use of the Floss for commercial gain has caused and will continue to cause confusion and mistaken belief by leading the public to erroneously associate the Floss with NBA 2K18 and NBA 2K19 in violation of 17 U.S.C. §§ 101 et seq.

46.   As a result of Defendants' conduct, Plaintiffs have been damaged by being precluded from receiving their rightful share of the profits earned by Defendants for their improper and unlicensed use of Plaintiffs' exclusive copyrights in the Backpack emote.

47.   Plaintiffs are entitled to permanent injunctive relief preventing Defendants, and their officers, agents, and employees, and all related persons from further using the Floss and engaging in other acts in violation of Copyright law.

48.   As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under

1    copyright, Plaintiffs are also entitled to recover damages, including
2    attorneys' fees, and any profits obtained by Defendants as a result of
3    the infringements alleged above, in an amount according to proof to be
4    determined at the time of trial.

5        49.    In doing the acts herein alleged, Defendants acted
6    fraudulently, willfully, and with malice, and Plaintiffs are therefore
7    entitled to punitive damages according to proof at the time of trial.

8                    **SECOND CAUSE OF ACTION**
9           **(For Contributory Infringement of Copyright Against All**
10                            **Defendants)**

11       50.    Plaintiffs hereby repeat and reallege the allegations set
12   forth in paragraphs 1 through 36, above, as though fully set forth
13   herein.

14       51.    Plaintiffs are in the process of registering the Floss with the
15   United States Copyright Office.  On July 30, 2018 and October 22, 2018,
16   Plaintiffs submitted applications for copyright registrations, which
17   were assigned Copyright Office case numbers 1-6803798591 and 1-
18   7053827951, respectively.

19       52.    In NBA 2K18 and NBA 2K19, players can have their
20   characters perform the dance within the game.  In fact, the in-game
21   dance is also named the Backpack (a clear reference to Backpack Kid).
22   Defendants have infringed and continue to infringe Plaintiffs'
23   copyrights in the Floss by offering the Backpack dance emote that, if
24   purchased, a player can use to make his or her avatar perform during
25   2K gameplay; substantially copying the Floss in digital form to the 2K
26   games; advertising the Floss in its promotional materials; and creating
27   the Backpack emote as a derivative work of the Floss.

28

1       53.   By providing the Backpack emote necessary for its players
2   to commit direct copyright infringement, Defendants have and continue
3   to materially contribute to the unauthorized reproductions and
4   distributions by its players of the Floss.

5       54.   Defendants did not seek to obtain Plaintiffs' permission for
6   its use of the Floss for the Backpack emote.  Nor have Defendants
7   compensated or credited Backpack Kid for their use of the Floss.

8       55.   Moreover, Defendants actively and knowingly directed,
9   caused, induced, and encouraged others, including, but not limited to,
10   its players, designers, suppliers, distributors, resellers, software
11   developers, and repair providers, to misappropriate Backpack Kid's
12   likeness and the Floss.

13       56.   Defendants' acts of infringement have been willful,
14   intentional, and purposeful, in disregard of and with indifference to
15   Plaintiffs' rights.

16       57.   Defendants' willful and continued unauthorized use of the
17   Floss has caused and will continue to cause confusion and mistaken
18   belief by leading the public to erroneously associate the Floss with 2K18
19   and 2K19 in violation of 17 U.S.C. §§ 101 et seq.

20       58.   As a result of Defendants' conduct, Plaintiffs have been
21   damaged by being precluded from receiving his rightful share of the
22   profits earned by Defendants for their improper and unlicensed use of
23   Plaintiffs' exclusive copyrights in the Backpack emote.

24       59.   Defendants' conduct is causing and, unless enjoined and
25   restrained by this Court, will continue to cause Plaintiffs great and
26   irreparable injury that cannot be compensated or measured in money.
27   Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §
28

502, Plaintiffs are entitled to injunctive relief, prohibiting further contributory infringements of Plaintiffs' copyrights.

60.   As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are also entitled to recover damages, including attorneys' fees, and any profits obtained by Defendants as a result of the infringements alleged above, in an amount according to proof to be determined at the time of trial.

61.   In doing the acts herein alleged, Defendants acted fraudulently, willfully, and with malice, and Plaintiffs are therefore entitled to punitive damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### (For Violation of the Right of Publicity Under California Common Law Against All Defendants)

62.   Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 48, above, as though fully set forth herein.

63.   Through their use of the Floss as an in-game dance emote that can be purchased as the emote of the same name, Defendants misappropriated Backpack Kid's identity.  The Backpack emote depicts Backpack Kid performing the Floss.

64.   Upon information and belief, Defendants created the Backpack emote by capturing and digitally copying Backpack Kid performing the Floss.  Defendants then utilized the digital copy to create code that, if purchased, allows player avatars to perform the Floss.

65.   Defendants did not seek or obtain Plaintiffs' authorization or consent for its use of Backpack Kid's likeness or the Floss for the

1    Backpack emote.   Nor have Defendants compensated or credited
2    Backpack Kid for their use of his likeness or the Floss.

3         66.   Defendants used Backpack Kid's likeness to generate
4    significant wealth by: 1) selling the infringing Backpack emote directly
5    to players; 2) selling NBA 2K18 and NBA 2K19 that contain the
6    Backpack emote; 3) advertising the Backpack emote to attract
7    additional players, including Backpack Kid's fans or those persons
8    familiar with the Floss to play NBA 2K18 and NBA 2K19 and make in-
9    game purchases; 4) keeping the franchise relevant to its players to
10   incentivize those players to continue purchasing the 2K games; 5)
11   impliedly representing that Plaintiffs consented to Defendants' use of
12   Backpack Kid's likeness; 6) erroneously causing the association of NBA
13   2K18 and NBA 2K19 with the Floss; 7) creating the false impression
14   that Plaintiffs endorsed NBA 2K18 and NBA 2K19; and 8) inducing
15   and/or contributing to NBA 2K18 and NBA 2K19 players' characters
16   performing the Floss dance.

17        67.   As a performance artist, Backpack Kid exploits his identity
18   by performing in shows, events, and with the media.  Backpack Kid was
19   damaged by Defendants' conduct as he was prevented from reaping the
20   profits of licensing his likeness or the Floss to Defendants.

21        68.   Defendants' conduct caused and will continue to cause
22   confusion and mistaken belief by leading the public to erroneously
23   believe that Plaintiffs consented to the use of Backpack Kid's likeness
24   in NBA 2K18 and NBA 2K19.

25        69.   Plaintiffs are entitled to permanent injunctive relief
26   preventing Defendants, and their officers, agents, and employees, and
27   all related persons from further using Backpack Kid's likeness or the
28   Floss.

70.    Plaintiffs are also entitled to recover damages, including any profits obtained by Defendants as a result of the infringements alleged above, in an amount according to proof to be determined at the time of trial.

## FOURTH CAUSE OF ACTION

### (For Violation of the Right of Publicity Under Cal. Civ. Code § 3344 Against All Defendants)

71.    Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 57, above, as though fully set forth herein.

72.    Through their use of Backpack name and Floss dance as an in-game dance emote, Defendants misappropriated Backpack Kid's identity.    In NBA 2K18 and NBA 2K19, players can have their characters perform the Floss dance within the game.    In fact, the in-game dance is also named the Backpack.

73.    Defendants did not seek or obtain Plaintiffs' authorization or consent for its use of Backpack Kid's likeness or the Floss for the Backpack emote.    Nor have Defendants compensated or credited Backpack Kid for their use of his likeness or the Floss.

74.    Defendants used Backpack Kid's likeness to generate significant wealth by:  1) selling the infringing Backpack emote directly to players; 2) selling NBA 2K18 and NBA 2K19 that contain the Backpack emote; 3) advertising the Backpack emote to attract additional players, including Backpack Kid's fans or those persons familiar with the Floss to play NBA 2K18 and NBA 2K19 and make in-game purchases; 4) keeping the franchise relevant to its players to incentivize those players to continue purchasing the 2K games; 5) impliedly representing that Plaintiffs consented to Defendants' use of

Backpack Kid's likeness; 6) erroneously causing the association of NBA 2K18 and NBA 2K19 with the Floss; 7) creating the false impression that Plaintiffs endorsed NBA 2K18 and NBA 2K19; and 8) inducing and/or contributing to NBA 2K18 and NBA 2K19 players' characters performing the Floss dance.

75.    As a performance artist, Backpack Kid exploits his identity by performing in shows, events, and with the media. Backpack Kid was damaged by Defendants' conduct as he was prevented from reaping the profits of licensing his likeness or the Floss to Defendants.

76.    Defendants' conduct caused and will continue to cause confusion and mistaken belief by leading the public to erroneously believe that Plaintiffs consented to the use of Backpack Kid's likeness in NBA 2K18 and NBA 2K19.

77.    Plaintiffs are entitled to permanent injunctive relief preventing Defendants, and their officers, agents, and employees, and all related persons from further using Backpack Kid's likeness or the Floss.

78.    Plaintiffs are also entitled to recover damages, including any profits obtained by Defendants as a result of the infringements alleged above, in an amount according to proof to be determined at the time of trial.

### FIFTH CAUSE OF ACTION

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200)

79.    Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 65, above, as though fully set forth herein.

80.    By misappropriating the Backpack Kid name and Floss dance, and Backpack Kid's likeness, Defendants have engaged in

1 business acts or practices that constitute unfair competition in violation
2 of Cal. Bus. & Prof. Code. § 17200.

3      81.   As a result of Defendants' violations, Defendants have
4 unjustly enriched themselves by: 1) selling the infringing Backpack
5 emote directly to players; 2) selling NBA 2K18 and NBA 2K19 that
6 contain the Backpack emote; 3) advertising the Backpack emote to
7 attract additional players, including Backpack Kid's fans or those
8 persons familiar with the Floss to play NBA 2K18 and NBA 2K19 and
9 make in-game purchases; 4) keeping the franchise relevant to its
10 players to incentivize those players to continue purchasing the 2K
11 games; 5) impliedly representing that Plaintiffs consented to
12 Defendants' use of Backpack Kid's likeness; 6) erroneously causing the
13 association of NBA 2K18 and NBA 2K19 with the Floss; 7) creating the
14 false impression that Plaintiffs endorsed NBA 2K18 and NBA 2K19;
15 and 8) inducing and/or contributing to NBA 2K18 and NBA 2K19
16 players' characters performing the Floss dance.

17      82.   Plaintiffs have been damaged by Defendants' conduct as
18 Plaintiffs were prevented from reaping the profits of licensing Backpack
19 Kid's likeness or the Floss to Defendants.

20      83.   Plaintiffs are entitled to permanent injunctive relief
21 preventing Defendants, and their officers, agents, and employees, and
22 all related persons from further using Backpack Kid's likeness and
23 Plaintiffs' trademark in the Backpack Kid name and copyright in the
24 Floss dance.

25      84.   Plaintiffs are also entitled to recover damages, including any
26 profits obtained by Defendants as a result of the infringements alleged
27 above, in an amount according to proof to be determined at the time of
28 trial.

**Complaint**

1      SIXTH CAUSE OF ACTION

2      **(False Designation of Origin Under 15 U.S.C. § 1125(a))**

3      85.   Plaintiffs hereby repeat and reallege the allegations set

4  forth in paragraphs 1 through 71, above, as though fully set forth

5  herein.

6      86.   Since creating the Floss and performing it on Saturday

7  Night Live, Backpack Kid and his Floss dance have exploded in

8  popularity. The Floss has become synonymous with Backpack Kid, who

9  is unanimously credited with creating the dance. Backpack Kid has

10  also been interviewed several times about the creation of the Floss and

11  how to properly perform it. Accordingly, the Floss is a part of Backpack

12  Kid's identity and the dance's unique movements readily evoke imagery

13  of Backpack Kid's popular Instagram videos and famous Saturday

14  Night Live performance.

15      87.   In NBA 2K18 and NBA 2K19, players can have their

16  characters perform the Floss dance within the game. In fact, the in-

17  game dance is also named the Backpack. Through Defendants'

18  unauthorized use of the "Backpack" name and Floss dance in 2K18 and

19  2K19, Defendants have misappropriated Backpack Kid's name and

20  likeness, and Plaintiffs' copyright and trademark.

21      88.   Moreover, Plaintiffs are damaged by Defendants'

22  exploitation of his name and likeness through 1) selling the infringing

23  Backpack emote directly to players; 2) selling NBA 2K18 and NBA 2K19

24  that contain the Backpack emote; 3) advertising the Backpack emote to

25  attract additional players, including Backpack Kid's fans or those

26  persons familiar with the Floss to play NBA 2K18 and NBA 2K19 and

27  make in-game purchases; 4) keeping the franchise relevant to its

28  players to incentivize those players to continue purchasing the 2K

games; 5) impliedly representing that Plaintiffs consented to Defendants' use of Backpack Kid's likeness; 6) erroneously causing the association of NBA 2K18 and NBA 2K19 with the Floss; 7) creating the false impression that Plaintiffs endorsed NBA 2K18 and NBA 2K19; and 8) inducing and/or contributing to NBA 2K18 and NBA 2K19 players' characters performing the Floss dance.

89.   As a result of Defendants' conduct, Plaintiffs have been damaged by being precluded from receiving their rightful share of the profits from selling or licensing the Backpack Kid name and Floss dance.

90.   Moreover, Plaintiffs were damaged by Defendants' conduct as they were prevented from reaping the profits of licensing the Backpack Kid name and Floss dance to Defendants for commercial gain.

91.   Plaintiffs are entitled to permanent injunctive relief preventing Defendants, and their officers, agents, and employees, and all related persons from further using the Backpack Kid name and Floss dance.

92.   Plaintiffs are also entitled to recover damages, including any profits obtained by Defendants as a result of the infringements alleged above, in an amount according to proof to be determined at the time of trial.

## SEVENTH CAUSE OF ACTION

### (Trademark Infringement Under California Common Law)

93.   Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 79, above, as though fully set forth herein.

94.   Since Backpack Kid's creation of the Floss in 2016 and its rise to fame soon after, Backpack Kid exploded in popularity.

Accordingly, since 2016, Backpack Kid has used, and thereby owns, common law trademark rights in Backpack Kid.

95.   The Backpack Kid name is distinctive and has acquired distinctiveness through Plaintiffs' continuous and widespread use of the Backpack Kid name and dance in concerts, performances and videos in the United States and worldwide.

96.   In NBA 2K18 and NBA 2K19, players can have their characters perform the dance within the game.  In fact, the in-game dance is also named the Backpack.  Through Defendants' unauthorized use of the Backpack Kid name and dance in 2K18 and 2K19, Defendants have misappropriated Plaintiffs' trademark.

97.   Moreover, Plaintiffs are damaged by Defendants' exploitation of the Backpack Kid name through 1) selling the infringing Backpack emote directly to players; 2) selling NBA 2K18 and NBA 2K19 that contain the Backpack emote; 3) advertising the Backpack emote to attract additional players, including Backpack Kid's fans or those persons familiar with the Floss to play NBA 2K18 and NBA 2K19 and make in-game purchases; 4) keeping the franchise relevant to its players to incentivize those players to continue purchasing the 2K games; 5) impliedly representing that Plaintiffs consented to Defendants' use of Backpack Kid's likeness; 6) erroneously causing the association of NBA 2K18 and NBA 2K19 with the Floss; 7) creating the false impression that Plaintiffs endorsed NBA 2K18 and NBA 2K19; and 8) inducing and/or contributing to NBA 2K18 and NBA 2K19 players' characters performing the Floss dance.

98.   As a result of Defendants' conduct, Plaintiffs have been damaged by being precluded from receiving their rightful share of the

1  profits from selling or licensing the Backpack Kid name and Floss
2  dance.

3      99.   Moreover, Plaintiffs were damaged by Defendants' conduct
4  as they were prevented from reaping the profits of licensing the
5  Backpack Kid name and Floss dance to Defendants for commercial gain.

6      100. Plaintiffs are entitled to permanent injunctive relief
7  preventing Defendants, and their officers, agents, and employees, and
8  all related persons from further using the Backpack Kid name and Floss
9  dance.

10     101.  Plaintiffs are also entitled to recover damages, including any
11 profits obtained by Defendants as a result of the infringements alleged
12 above, in an amount according to proof to be determined at the time of
13 trial.

14 **EIGHTH CAUSE OF ACTION**
15 **(Trademark Infringement Under 15 U.S.C. § 1125(a))**

16     102. Plaintiffs hereby repeat and reallege the allegations set
17 forth in paragraphs 1 through 88, above, as though fully set forth
18 herein.

19     103. Defendants' unauthorized use of the Backpack Kid name
20 and dance in 2K18 and 2K19 constitutes infringement in violation of
21 the Lanham Act, 15. U.S.C. § 1125(a), et seq., and has caused
22 substantial and irreparable injury to Backpack Kid's reputation and
23 goodwill.

24     104. As a direct and proximate result of Defendants' trademark
25 infringement, Plaintiffs are entitled to permanent injunctive relief
26 preventing Defendants, and their officers, agents, and employees, and
27 all related persons from further using the Backpack Kid name and
28 dance.

1      105.  Plaintiffs are also entitled to recover damages, including any

2  profits obtained by Defendants as a result of the infringements alleged

3  above, in an amount according to proof to be determined at the time of

4  trial.

5      106. Defendants' acts have been deliberate, willful, and

6  intentional and purposeful to exploit Backpack Kid's celebrity and

7  popularity of the Backpack Kid name and dance.

8      107.  Defendants threaten to continue to advertise, promote,

9  market, sell and offer for sale the Backpack Kid emote using the same

10  name as Plaintiffs' mark, and unless and restrained and enjoined, will

11  continue to do so to Plaintiffs' irreparable damage.

12      108.  Defendants' conduct is causing and, unless enjoined and

13  restrained by this Court, will continue to cause Plaintiffs great and

14  irreparable injury that cannot be compensated or measured in money.

15  Plaintiffs thus have no adequate remedy at law and are entitled to

16  injunctive relief, prohibiting further infringements of Plaintiffs'

17  trademark.

18      109.  In addition, Plaintiffs have incurred costs and attorneys' fees

19  to bring this action.

20               **NINTH CAUSE OF ACTION**

21      **(Trademark Dilution Under 15 U.S.C. § 1125(c))**

22      110. Plaintiffs hereby repeat and reallege the allegations set

23  forth in paragraphs 1 through 109, above, as though fully set forth

24  herein.

25      111. By virtue of the prominent and continuous use of the

26  Backpack Kid mark, Plaintiffs' mark has become distinctive and famous

27  within the meaning of 15 U.S.C. § 1125(c).

28

112. Defendants' conduct dilutes the distinctive quality of Plaintiffs' mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

113. Defendants' conduct and actions have lessened the capacity of Plaintiffs' mark as Defendants did not credit Backpack Kid nor seek his consent to use the Backpack Kid trademark.

114. Defendants' acts have been deliberate, willful, and intentional and purposeful to exploit Backpack Kid's celebrity and popularity of the Backpack Kid name and Floss dance.

115. Defendants threaten to continue to advertise, promote, market, sell and offer for sale the Floss emote using the same name as Plaintiffs' mark, and unless and restrained and enjoined, will continue to do so to Plaintiffs' irreparable damage.

116. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be compensated or measured in money. Plaintiffs thus have no adequate remedy at law and are entitled to injunctive relief, prohibiting further dilution of Plaintiffs' trademark.

117. In addition, Plaintiffs have incurred costs and attorneys' fees to bring this action.

## PRAYER FOR RELIEF

**As to the First Cause of Action:**

1.    For an order restraining Defendants from using, selling, or displaying Plaintiffs' copyright in NBA 2K18 and NBA 2K19;

2.    For an award of damages according to proof;

3.    For punitive and/or exemplary damages;

4.    For attorney's fees and costs;

**As to the Second Cause of Action:**

5.    For an order restraining Defendants from using, selling, or displaying Plaintiffs' copyright in NBA 2K18 and NBA 2K19;

6.    For an award of damages according to proof;

7.    For punitive and/or exemplary damages;

8.    For attorney's fees and costs;

**As to the Third Cause of Action:**

9.    For an order restraining Defendants from using Backpack Kid's likeness in NBA 2K18 and NBA 2K19;

10.    For an award of damages according to proof;

**As to the Fourth Cause of Action:**

11.    For an order restraining Defendants from using, selling, or displaying Plaintiffs' copyright and likeness in NBA 2K18 and NBA 2K19;

12.    For an award of damages according to proof; and

13.    For punitive and/or exemplary damages;

**As to the Fifth Cause of Action:**

14.    For an order restraining Defendants from using, selling, or displaying Plaintiffs' copyright and likeness in NBA 2K18 and NBA 2K19;

15.    For an award of damages according to proof; and

**As to the Sixth Cause of Action:**

16.    For an order restraining Defendants from using, selling, or displaying Backpack Kid's likeness in NBA 2K18 and NBA 2K19;

17.    For an award of damages according to proof;

18.    For punitive and/or exemplary damages;

19.    For attorney's fees and costs;

**Complaint**

**As to the Seventh Cause of Action:**

20.   For an order restraining Defendants from using, selling, or displaying Plaintiffs' trademark in NBA 2K18 and NBA 2K19;

21.   For an award of damages according to proof;

**As to the Eighth Cause of Action:**

20.   For an order restraining Defendants from using, selling, or displaying Plaintiffs' trademark in NBA 2K18 and NBA 2K19;

21.   For an award of damages according to proof;

**As to the Ninth Cause of Action:**

20.   For an order restraining Defendants from using, selling, or displaying Plaintiffs' trademark in NBA 2K18 and NBA 2K19;

21.   For an award of damages according to proof;

**As to All Causes of Action:**

22.   For costs of suit; and

23.   For such other and further relief as the Court may deem proper.

Dated: December 17, 2018         Respectfully Submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By:  _/s/ Carolynn Kyungwon Beck_
Carolynn Kyungwon Beck
*Attorneys for Plaintiffs*

# JURY TRIAL

Plaintiffs request a trial by jury on all issues to which it is entitled a jury.

Dated: December 17, 2018

Respectfully Submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By:  */s/ Carolynn Kyungwon Beck*
Carolynn Kyungwon Beck

Carolynn Kyungwon Beck (SBN 264703)
cbeck@piercebainbridge.com
Daniel Dubin (SBN 313235)
ddubin@piercebainbridge.com
600 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-3212
(213) 262-9333

David L. Hecht (NY4695961) (*pro hac vice* admission pending)
dhecht@piercebainbridge.com
Maxim Price (NY684858) (*pro hac vice* admission pending)
mprice@piercebainbridge.com
Yi Wen Wu (NY5294475) (*pro hac vice* admission pending)
wwu@piercebainbridge.com
20 West 23rd Street, Fifth Floor
New York, New York 10010
(212) 484-9866

*Attorneys for Plaintiffs*

**Complaint**